

**McDermott Will & Emery**
444 West Lake Street, Suite 4000
Chicago, Illinois  60606

Michael Sheehan
msheehan@mwe.com
T  312.984.2040
F  312.984.7700

January 21, 2020
VIA ECF

The Honorable Kenneth M. Karas
United States District Court Judge
United States District Court for the
  Southern District of New York
The Hon. Charles L. Brient Jr. Federal
Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *General Mills, Inc. v. Champion Petfoods USA, Inc. and Modestino Mele*
      Case No. 20-cv-00181 (KMK) (JCM)

Dear Judge Karas:

I am one of the attorneys for the Defendants in the above-referenced matter, and I am writing in reply to the letter to the Court from Plaintiff's counsel, Eric Savage, Esq., dated January 17, 2020 (ECF No. 30).  The facts are not as Plaintiff's counsel recites them, and the record should reflect an accurate account of what has transpired between counsel.

First, we did satisfy the meet and confer requirement prior to filing our pre-motion letter.  On January 14th and 15th, I spoke with Mr. Savage and exchanged emails with him with respect to the production of documents and the scheduling of depositions.  Specifically, we discussed and later followed up by email on the numerous expedited discovery requests Plaintiff has made, as well as the document requests and depositions Defendants requested:  We specifically asked Mr. Savage when we could expect to receive documents in response to Defendants' requests and for dates, times, and locations for the depositions Defendants had requested.  While Plaintiff's counsel did not object to Defendants also seeking discovery, and never asserted that expedited discovery was meant to be a one-way street, Plaintiff's counsel never provided dates by which the Plaintiff would produce its documents or make its witnesses available for deposition.

Next, while Plaintiff's counsel initially did notice Mr. Mele's deposition for Tuesday, January 12, 2020, he did so without any prior notice or discussion with Defendants' counsel.  Once counsel conferred, it was tentatively agreed that Mr. Mele's deposition would be set for the morning of Thursday, January 16, 2020.  It was agreed that Mr. Mele's deposition would be



January 21, 2020
Page Two

limited in time, and that it would commence first thing in the morning.  That was the time Plaintiff's counsel demanded.  On Wednesday, January 15, 2020, at the 11th hour, Plaintiff's counsel unilaterally attempted to reset Mr. Mele's deposition for 1:30 p.m. on January 16.

Finally, on Thursday, January 16, 2020, after I informed Plaintiff's counsel that we could not make an afternoon deposition, I also asked him to consider and confer with his client as to whether he would agree to stay all discovery until after the January 23, 2020 hearing in light of the volume of discovery sought and the purely legal nature of the threshold issues of arbitrability and jurisdiction briefed for the Court.  It should also be noted that at no time during his communications with me did Plaintiff's counsel mention that his client had traveled from out of town for Mr. Mele's deposition.  In any event, Plaintiff's answer to Defendants' inquiry about staying discovery until after the January 23 hearing came in the form of an ultimatum:  either provide a settlement counter-offer by 3:00 p.m. on Friday, January 17 and agree to produce Mr. Mele for deposition on Tuesday, January 21, 2020, or Plaintiff would move to compel Mr. Mele's deposition.  In addition, for the first time, Plaintiff asserted in this communication that Defendants do not have any right to expedited discovery.

Thus, as the record shows, the parties have conferred, and to no avail.

For all of the reasons stated in our letter to the Court, dated January 17, 2020, requesting a pre-motion conference with respect to Defendants' proposed motion for a protective order, there is no need for Mr. Mele's deposition -- or for any discovery -- to take place prior to the hearing on January 23, 2020.  *See* ECF No. 29.  Moreover, it would be manifestly unfair for only Plaintiff to get expedited discovery, especially after already having received the unfair benefit of an *ex parte* hearing, effectively without notice, with respect to the original Order to Show Cause.  Plaintiff's gamesmanship initially was rewarded.  Naturally, it will not stop until it is no longer rewarded.

Accordingly, Defendants respectfully urge this Court to (1) reject Plaintiff's request to compel Mr. Mele to appear for deposition on Tuesday, January 21, (2) stay expedited discovery, and (3) proceed to hearing the issues *de novo* on January 23, 2020.

DM_US 165245959-2.109913.0011



January 21, 2020
Page Three

Respectfully submitted,

*/s/ Michael J. Sheehan*

Michael J. Sheehan