

**MEMO ENDORSED**

McDermott Will & Emery
444 West Lake Street, Suite 4000
Chicago, Illinois 60606

Michael Sheehan
msheehan@mwe.com
T  312.984.2040
F  312.984.7700

January 28, 2020
*Via ECF*

The Honorable Kenneth M. Karas
United States District Court Judge
United States District Court for the
  Southern District of New York
The Hon. Charles L. Brient Jr. Federal
Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

*Plaintiff should respond by Friday 1/31/20 at noon.*

Re:   *General Mills, Inc. v. Champion Petfoods USA, Inc. and Modestino Mele*
      Case No. 20-cv-00181 (KMK) (JCM)

SO ORDERED
/s/ KENNETH M. KARAS U.S.D.J.
1/28/20

Dear Judge Karas:

We represent Defendants Champion Petfoods USA, Inc. ("Champion") and Modestino Mele ("Mele") (together "Defendants") in the above-referenced matter. Pursuant to Your Honor's Individual Rule II(A), we respectfully request a pre-motion conference on an expedited basis at Your Honor's earliest convenience to discuss Defendants' intention to file an expedited motion to stay the Court's preliminary injunction Order (ECF No. 39) pending Defendants' appeal pursuant to Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8. On January 27, 2020, Defendants filed their Notice of Appeal. (ECF No. 40).

Defendants will move for expedited relief because the January 23 Order, memorialized at ECF No. 39, granting the application of Plaintiff General Mills, Inc. ("GMI" or "Plaintiff") for a preliminary injunction enjoining Mele from returning to work at Champion was improperly entered and should be stayed or modified. As a basis for the motion, Defendants contend that the Court was without authority to consider Plaintiff's application for a preliminary injunction. (Defendants' proposed memorandum of law is attached for the Court's convenience.) The Plaintiff's preliminary injunction application is a matter for the arbitrator, not the Court, and the Court therefore committed error in granting Plaintiff's application for a preliminary injunction notwithstanding its Order to compel arbitration. In the alternative, and at the very least, the Court should modify its January 23 Order to make it clear that the Order will be dissolved immediately once the matter is before an arbitrator under the applicable American Arbitration Association ("AAA") Employment Rules. In addition, the Court should further modify its Order

DM_US 165417710-1.109913.0011



January 28, 2020
Page Two

to allow Mele to work at Champion on the condition that he not use or disclose any of GMI's confidential trade secret information.

Because of the urgent nature of the relief requested, we respectfully request that the Court hold its pre-motion conference by telephone as soon as possible.

Respectfully submitted,

*/s/ Michael J. Sheehan*

Michael J. Sheehan