

**Littler Mendelson, PC**
900 Third Avenue
New York, New York  10022.3298

Eric A. Savage
212.583.2695 direct
212.583.9600 main
973.215.2620 fax
esavage@littler.com

February 21, 2020

**VIA ECF FILING**

Hon. Kenneth M. Karas, U.S.D.J.
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:   General Mills, Inc. v. Champion Petfoods USA, Inc. and Modestino Mele
         No. 20 Civ. 181 (KMK) (SDNY)

Dear Judge Karas:

We represent plaintiff General Mills, Inc. ("GMI") in the above matter.  We write in response to defendants' February 20, 2020 letter (Dkt No. 57) regarding the status of arbitration proceedings before the American Arbitration Association ("AAA").

Defendants' disappointment with the pace of litigation results from their desire not to litigate before this Court.  The proceedings begun by defendants to determine whether the matter should be arbitrated and submissions they have filed (see Dkt. Nos. 20, 23, 29, 31, 33, 42, 48, 51, 56 and 57, not including attached supporting documents) have generated significant delay and expense. In addition, as the Court is aware, defendants have filed an appeal to the Second Circuit Court of Appeals and an emergency motion with that court seeking a stay of the injunction issued by this Court.  Our responsive brief in that proceeding is due on February 24, 2020.

Further, defendants filed an arbitration proceeding with the AAA on January 30, 2020 and sought an expedited decision both on the issue of arbitrability as well as on the merits, particularly a stay of this Court's injunction.  The AAA advised the parties by letter dated February 18, 2020 (Exhibit A) that the AAA's Optional Rules for Emergency Measures of Protection, and specifically the rule for expedited proceedings, apply where there the parties agree to expedited treatment or the arbitration clause adopts the Optional Rules.[1]  Neither condition is present here. We have advised defendants that we do not consent to expedited treatment; the AAA has sent the parties the resumes of possible arbitrators and we are reviewing that list with our client.  We plan to advise the AAA of our preferences on or before the March 4, 2020 deadline set by the AAA.

---

[1] See https://www.adr.org/sites/default/files/employment_arbitration_rules_and_mediation_procedures_0.pdf at p 27.

Hon. Kenneth M. Karas, U.S.D.J.
February 21, 2020
Page 2

We do not believe that there exists any basis for either defendant to claim irreparable injury. Absent urgent circumstances and given the delay resulting from defendants' multiple applications and proceedings, their request for expedited proceedings in this Court and before the AAA– which would burden this Court, the arbitrator, and GMI for defendants' benefit only – is inappropriate and should be denied.

Respectfully submitted,

*s/Eric A. Savage*

Eric A. Savage

cc:     All counsel of record via ECF